JOHN EGERTON and another v. THEIR CREDITORS.

Where the creditors of an insolvent do not avail themselves of the privilege allowed them by the act of 29th March, 1826, to fix the terms on which the property surrendered shall be sold, the sale must be made on the terms, and with the formalities prescribed for the sale of property seized in execution. Civ. Code, art. 2180. It must be appraised, and first offered for sale for cash, when, if it cannot be sold for two-thirds of its appraised value, it must be offered, fifteen days after, if immoveable property, on a credit of twelve months. Code Pract. arts. 675, 680, 681. *Aliter*, where the creditors have, under the act of 1826, fixed the terms of sale.

The provision requiring that, in forced sales for cash, the property shall bring two-thirds of its appraised value, was intended for the protection of the debtor, whose property might otherwise be sacrificed. But this danger does not exist, where the creditors of an insolvent, who are interested that the property shall sell for as much as possible, have themselves fixed the terms which they consider the most favorable. In such a case, the syndic is not bound to act with the same strictness as a sheriff acting under a *fi. fa.* He may, like other agents, exercise his discretion, and, under proper circumstances, may suspend the sale, if the property is likely to be sacrificed. Act 20th Feb. 1817.

The sale of an immoveable by the syndic of the creditors of an insolvent, cannot affect the rights of a creditor who never made himself a party to the insolvent proceedings, having a mortgage with a pact *de non alienando.* He may seize and sell the property into whosesoever hands it may have passed. But where, by appearing at the meeting of creditors, and fixing the terms of sale of the mortgage property, he has made himself a party to the *concurso,* he will be considered as having waived this right, and must look to the proceeds in the hands of the syndic, whom he has made his agent.

APPEAL from the District Court of the First District, *Buchanan,* J.

MORPHY, J. A piece of ground surrendered by the insolvents, was divided into eleven lots by order of the syndic, and offered for sale for $1800 cash on each lot, and the balance at six, twelve, eighteen, and twenty-four months. On these terms, which were those fixed by the creditors at their meeting, Saml. C. Ogden, George B. Ogden, and Edward Yorke became the purchasers of all the lots for forty thousand and fifty dollars, a sum exceeding the two-thirds of the appraisement which the syndic had thought proper to have made before the sale. As this property had been purchased by Egerton, subject to an anterior mortgage created by Treat, Plant & Co., who themselves had bought it of Cash and others, under the clause *de non alienando,* the Achafalaya Bank,

Thomas Slidell, and Samuel Thompson, who were holders of the notes of Treat, Plant & Co., executed an act before Marks, the notary, who had prepared the deed of conveyance, ratifying and confirming the sale, and binding themselves never to attempt to impair its force and effect; but the purchasers having refused to comply with the terms of their purchase, the deed of sale was never signed. Subsequently the syndic advertised the property to be sold at the risk of the purchasers, on the same terms and conditions as before. At this last sale Wm. Florance became the purchaser of one of the lots, for the sum of $1400. He took a rule on the syndic to show cause why he should transfer the property to him. The syndic moved for, and obtained an order, rendering the Atchafalaya Bank, T. Slidell, and Saml. Thompson, parties defendants to the rule, and notifying them to show cause why the mortgage, existing in their favor on the property sold, should not be rased and cancelled, to enable the syndic to give to the purchaser, the plaintiff in the rule, a free and complete title. The judge having made the rule absolute, the mortgage creditors have appealed. They urge, that the sale to Florance is null, because the property was adjudicated to him for less than two-thirds of its appraised value; that the first sale not having been complied with, the property should have been sold as if no sale had taken place, and could not, therefore, be adjudicated, if two-thirds of the appraisement were not offered; that if a non-compliance with the terms of a first sale could dispense with the obligation to sell on credit if two-thirds be not offered, a cash sale could be forced on every occasion. When the creditors do not avail themselves of the privilege allowed them by the statute of 1826, of fixing the terms on which the property surrendered is to be sold, we are of opinion that the sale must be made on the same terms, and under the same formalities, as property seized on execution, Civ. Code, art. 2180. It must be appraised and first offered for sale for cash; if it does not reach two-thirds of the appraisement, it must then be offered for sale, fifteen days after, at a credit of twelve months. Code, Pract. arts. 675, 680, 681. But where, as in the present case, the creditors have themselves fixed the terms of the sale, the rules laid down in the above articles are, in our opinion, wholly inapplicable, because the property can be sold on no other terms. The

provision of law requiring that in forced sales the property shall bring two-thirds of its appraised value, was framed for the protection of the debtor, whose property, it was supposed, might be sacrificed by a cash sale. This danger does not exist where the creditors, who have the greatest interest in selling the property surrendered to them as high as possible, have allowed the credit they deem the most favorable for the sale. The syndic, moreover, is not bound to act with the same strictness as a sheriff levying under a *fi. fa.* He is not, we apprehend, bound to let the property go at any price, but may use his discretion, like other agents, and, under proper circumstances, may suspend or postpone the sale, if the property is likely to be sacrificed. An adjudication having been made to Florance, we think that it is legal and must be carried into effect. Whether the syndic will have an action against the first purchasers, for the difference between the two sales, is a question which we are not called upon to decide in this suit, and upon which, therefore, we express no opinion. But it is urged, on the part of the appellants, that the property, even if legally sold to Florance, has passed into his hands subject to their mortgage, which existed on it when it was acquired by the insolvents; and that, by virtue of the clause *de non alienando*, their rights are the same as if the property had never been sold by Treat, Plant & Co., or any of the subsequent vendors.

This we believe to be true, but only as regards one of the mortgage creditors, Thomas Slidell, who never made himself a party to the insolvent proceedings. By virtue of the pact *de non alienando*, he was, and is still entitled to seize and sell the mortgaged property, into whosesoever hands it may pass. 2 Moreau's Dig. p. 433. 5 Mart. 620. 13 La. 314. 15 La. 268. 17 La. 525. The Atchafalaya Bank and Saml. Thompson having made themselves parties to the *concurso*, by appearing at the meeting of the creditors and fixing themselves the terms of the sale of the property subject to their mortgage, must be considered as having waived their right to follow the property, and must look to its proceeds in the hands of the syndic whom they have chosen to make their agent.

We attach no importance and can give no effect to the act of confirmation executed before Marks. That act was evidently based

upon the contemplated execution of the sale by Yorke and the others, at a price which suited the mortgage creditors. The purchasers having refused to comply with their purchase, the consideration of the confirmatory act totally failed. In fact, the act intended to be ratified was never completed; the ratification, therefore, became void, being without an object.

It is, therefore, ordered that the judgment of the District Court be affirmed as regards the Atchafalaya Bank and Saml. Thompson, and reversed as regards Thomas Slidell; and that the rule taken on him be discharged, with costs; those of this appeal to be paid by the other appellants.

*T. Slidell* and *Hoffman*, for the appellants.

*Roselius*, for the syndic.